UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFREDO MARCELINO QUIJADA ABREU, A-244-020-139[1] | No. 2:26-cv-01389-DAD-DMC-HC |
| Petitioner, | ORDER |
| v. | And |
| CHRISTOPHER CHESTNUT, WARDEN, | FINDINGS AND RECOMMENDATIONS |
| Respondent. | |

Petitioner, an immigration detainee who is proceeding pro se filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed an answer. See ECF No. 6.

**I. BACKGROUND**

Petitioner contends that he was taken into immigration custody on March 18, 2026. See ECF No. 1, pg. 4. According to Petitioner, he has a pending application for asylum and a work permit. See id. at 6. Petitioner asserts that he has a wife and daughter who he lives with and they both rely on Petitioner for financial support. See id. Petitioner challenges his

---

[1] The docket and the undersigned's prior order, ECF No. 4, incorrectly listed Petitioner's A-Number and the undersigned will therefore direct the Clerk of the Court to update the docket to reflect Petitioner's actual A-Number (A-244-020-139).

1

immigration detention as it violates federal law and seeks immediate release. See id. at 7.

According to Respondent, Petitioner "was convicted for Violating a Pretrial Protective Order—a Class A Misdemeanor" and taken into immigration custody when he was released from jail. ECF No. 6, pg. 2. Respondent argues that despite his prior release on parole, Petitioner is an applicant for admission and therefore his detention is governed by 8 U.S.C. § 1225(b)(1). See id. at 7. Respondent contends that the only due process "owed to the petitioner "is simply whatever the procedure authorized by Congress happens to be." Id. at 6 (quoting Angov v. Lynch, 788 F.3d 893, 898 (9th Cir. 2015) (internal citation omitted). Respondent asserts that because Petitioner is subject to § 1225(b)(1), he is not entitled to a bond hearing. See id. at 6-7. Respondent argues that Petitioner does not have a liberty interest and "cannot assert a protected property or liberty interest in additional procedures not provided by the statute, 8 U.S.C. § 1225." Id. at 8. Respondent contends that, if the Court were to apply the Mathews factors, such factors weigh in favor of denying the petition. See id. at 8-9 (citing Mathews v. Eldridge, 424 U.S. 319, 335 (1976)). Respondent asserts that "any alleged harm from the fact of detention alone is insufficient" to establish irreparable harm, "the government has a compelling interest in the steady enforcement of its immigration laws," and "Petitioner's claimed harm cannot outweigh this public interest in the application of the law." Id. at 8-9.

## II. DISCUSSION

The undersigned finds that Respondents failed to provide Petitioner with the process prescribed by statute for revocation of Petitioner's 8 U.S.C. §1182(d)(5) parole prior to his detention on March 18, 2026. Thus, the undersigned will recommend granting the petition and ordering Respondents release Petitioner, upon the same terms as his prior release, and that Respondents be enjoined and restrained from re-arresting or re-detaining Petitioner absent specific procedural protections.

///

///

///

2

**A.      Due Process**

The Fifth Amendment Due Process Clause prohibits government deprivation of an individual's life, liberty, or property without due process of law. Hernandez v. Session, 872 F.3d 976, 990 (9th Cir. 2017). The Due Process Clause applies to all "persons" within the borders of the United States, regardless of immigration status. Zadvydas v. Davis, 533 U.S. 678, 693 (2001) ("[T]he Due Process Clause applies to all "persons" within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent."). These due process rights extend to immigration proceedings. Id. at 693–94.

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989); Morrissey v. Brewer, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due."). The Court considers each step in turn.

1.      Liberty Interest

As for the first step, the undersigned finds Petitioner has shown he has a protectable liberty interest. See Morrissey, 408 U.S. at 482. "Freedom from imprisonment—from government custody, detention, or other forms of physical restrain—lies at the heart of the liberty that [the Due Process] Clause protects." Zadvydas, 533 U.S. at 690. "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." Pinchi v. Noem, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. July 24, 2025). "Although in some circumstances the initial decision to detain or release an individual may be within the government's discretion, the government's decision to release an individual from custody creates 'an implicit promise,' upon which that individual may rely, that their liberty 'will be revoked only if [they] fail[ ] to live up to the . . . conditions [of release].'" Id. (quoting Morrissey, 408 U.S. at 482) (modifications in original). "Accordingly, a noncitizen released from custody pending immigration proceedings has a protected liberty interest in remaining out of custody." Salcedo Aceros v. Kaiser, No. 25-CV-06924-EMC (EMC), 2025

WL 2637503, at *6 (N.D. Cal. Sept. 12, 2025). To determine whether an individual's conditional release rises to the level of a protected liberty interest, courts have "compar[ed] the specific conditional release in the case before them with the liberty interest in parole as characterized by Morrissey." R.D.T.M. v. Wofford, No. 1:25-cv-01141-KES-SKO, 2025 WL 2617255, at *3 (E.D. Cal. Sept 9, 2025). Regarding immigration detention, "[t]he court therefore need not determine whether § 1225 or § 1226 applies in this case because petitioner has a liberty interest in his continued release regardless of the applicable detention scheme." Cajina v. Wofford, No. 1:25-cv-01566-DAD-AC (HC), 2025 LX 552776, at *8 (E.D. Cal. Nov. 21, 2025).

The record provided by Respondent shows that Petitioner was paroled "pursuant to Section 212 (d)(5) of the Immigration Act," ECF No.6-1, pg. 1.  8 U.S.C. §1182(d)(5) codifies Section 212 (d)(5) of the Immigration and Nationality Act and allows the Secretary of Homeland Security to, "in his discretion parole into the United States . . . for urgent humanitarian reasons or significant public benefit . . ." 8 U.S.C. §1182(d)(5).

The undersigned finds that Petitioner's March 18, 2026, detention goes against United States Supreme Court precedent which recognizes that individuals who have been released from custody, even where such release is conditional, have a liberty interest in their continued release. See Morrissey, 408 U.S. 471 at 482. Specifically, "non-citizens paroled into the United States pursuant to § 1182(d)(5) obtain a liberty interest in their continued release, entitling them to certain due process protections . . ." Hernandez v. Warden, Cal. City Corr. Ctr., No. 1:26-cv-03879-DAD-CSK, 2026 LX 246630, at *5 (E.D. Cal. May 29, 2026) (citing Rocha Chavarria v. Chestnut, No. 1:25-cv-01755-DADAC, 2025 U.S. Dist. LEXIS 255174, 2025 WL 3533606, at *3 (E.D. Cal. Dec. 9, 2025). Accordingly, the undersigned finds that the grant of discretionary parole provided Petitioner with a protectable liberty interest in his continued release.

2.    Necessary Procedure

The undersigned finds that Petitioner was denied due process because Respondent failed to provide Petitioner the process prescribed in 8 CFR 212.5 (e) when revoking Petitioner's parole. Therefore, the undersigned will recommend the petition be granted.

///

4

As previously discussed, Petitioner was paroled pursuant to 8 U.S.C. §1182(d)(5). In accordance with this statute, terminating parole granted pursuant to §1182(d)(5) requires a determination that parole is accomplished or no longer warranted. Given that purpose of parole itself is determined on a "case-by-case basis," the undersigned finds that revocation requires an individualized determination that Petitioner is no longer suitable for parole. 8 U.S.C. §1182(d)(5). Moreover, 8 CFR 212.5 (e) prescribes a specific process for revocation of §1182(d)(5) parole:

Termination of parole —

(1) Automatic. Parole shall be automatically terminated without written notice
(i) upon the departure from the United States of the alien, or,
(ii) if not departed, at the expiration of the time for which parole was authorized, and in the latter case the alien shall be processed in accordance with paragraph (e)(2) of this section except that no written notice shall be required.

(2) (i) On notice. In cases not covered by paragraph (e)(1) of this section, upon accomplishment of the purpose for which parole was authorized or when in the opinion of one of the officials listed in paragraph (a) of this section, neither humanitarian reasons nor public benefit warrants the continued presence of the alien in the United States, parole shall be terminated upon written notice to the alien and he or she shall be restored to the status that he or she had at the time of parole. When a charging document is served on the alien, the charging document will constitute written notice of termination of parole, unless otherwise specified. Any further inspection or hearing shall be conducted under section 235 or 240 of the Act and this chapter, or any order of exclusion, deportation, or removal previously entered shall be executed. If the exclusion, deportation, or removal order cannot be executed within a reasonable time, the alien shall again be released on parole unless in the opinion of the official listed in paragraph (a) of this section the public interest requires that the alien be continued in custody.

8 CFR 212.5 (e).

Petitioner did not leave the United States and nothing in the record establishes that Petitioner's parole had expired. In accordance with 8 CFR 212.5 (e), the undersigned finds that Petitioner was not subject to automatic revocation of parole.

The statute provides that, absent automatic revocation, parole can be terminated with notice that "in the opinion of one of the officials listed in paragraph (a) of this neither humanitarian reasons nor public benefit warrants the continued presence of the alien in the United States." 8 CFR 212.5 (e). The record does not show that there was a determination by an official

listed in 8 CFR 212.5 (a) that "neither humanitarian reasons nor public benefit warrants" Petitioner's continued parole. 8 CFR 212.5 (e). The Court recognizes that Petitioner's misdemeanor conviction may give rise to such determination but, nothing in the record indicates such a determination was ever made. Nor does the record show that Petitioner was provided notice of such a determination, as required by the statute. Absent a determination and notice of such determination, Respondents failed to provide Petitioner with the process afforded by 8 CFR 212.5 (e).

The undersigned incorporates and adopts the reasoning and application of the Mathews factors in Rocha Chavarria v. Chestnut, No. 1:25-cv-01755-DAD-AC, 2025 U.S. Dist. LEXIS 255174, 2025 WL 3533606 (E.D. Cal. Dec. 9, 2025). Specifically, Petitioner spent years living and working in the United States, supporting his family, establishing Petitioners significant private interest in his continued release, risk of erroneous deprivation is high given Petitioner was nor provided notice or an explanation as to why his parole was revoked, and Respondents' interest in detaining Petitioner without notice or a hearing here is low as such provides is routine in the immigration process.

Even if Petitioner were only entitled to the process enacted by Congress, as Respondent argues, Petitioner is entitled to the process prescribed in 8 CFR 212.5 (e). "It is well-established that government agencies are required to follow their own regulations." Constantinovici v. Bondi, 806 F. Supp. 3d 1155, 1164 (S.D. Cal. 2025) (citing United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260, 268, 74 S.Ct. 499, 98 L.Ed. 681 (1954); United States v. Ramos, 623 F.3d 672, 683 (9th Cir. 2010)). In light of this, district courts have found it is appropriate to order the release of immigration detainees when it is determined that ICE violated their own policies when effectuating the detention of a noncitizen. See Hoac v. Becerra, No. 2:25-cv-01740-DC-JDP, 2025 WL 1993771, at *4 (E.D. Cal. July 16, 2025) (finding petitioner likely to succeed on his unlawful re-detention claim because "there is no indication that an informal interview was provided"); Saeid Baniasadi v. Fereti Semaia, No. EDCV 26-01275-MWF(DSR), 2026 WL 851358 (C.D. Cal. Mar. 25, 2026)(ordering a petitioner's release upon finding petitioner is likely to succeed on his claim that the revocation of his release was not in accordance

6

with § 241.4).

When the government seeks to revoke §1182(d)(5) parole but fails to provide the process prescribed in 8 C.F.R. § 241.13(i)(3), this Court has granted petitions, or afforded injunctive relief, ordering the immediate release of the noncitizen, and enjoined respondents from re-detaining petitioners absent notice and a pre-detention hearing where respondents will have the burden of demonstrating by clear and convincing evidence that petitioner is a danger to the community or a flight risk.  See Cajina v. Wofford, No. 1:25-CV-01566-DAD-AC (HC), 2025 U.S. Dist. LEXIS 229609, 2025 WL 3251083, at *3 (E.D. Cal. Nov. 21, 2025); Arias-Arias v. Vitello, No. 1:26-cv-03413-DAD-SCR, 2026 LX 221497 (E.D. Cal. May 15, 2026) (collecting cases).

Accordingly, the undersigned finds that Respondents denied Petitioner due process and will therefore recommend the petition be granted and that Respondents be ordered to immediately release Petitioner under the same conditions he was released previously and that Respondents be enjoined and restrained from re-detaining petitioner absent specific procedural safeguards.

### III. CONCLUSION

Based on the foregoing, the undersigned orders and recommends:

1. The Clerk of the Court is directed to update Petitioner's A-number on the docket to A-244-020-139.

2. It is RECOMMENDED that the petition for writ of habeas corpus, ECF No. 1, be GRANTED.

3. It is RECOMMENED that Petitioner, A-244-020-139, be RELEASED IMMEDIATELY from Respondents' custody under the same conditions he was released previously with all his belongings.

4. It is RECOMMENDED that Respondents be ORDERED to file a notice of compliance within three (3) days of the District Judge's order;

5. It is RECOMMENDED that Respondents are ENJOINED and RESTRAINED

7

from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge where respondents will have the burden of demonstrating by clear and convincing evidence that petitioner is a danger to the community or a flight risk.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  Thus, within 7 days after being served with these findings and recommendations, any party may file written objections with the Court.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991)

Dated:  June 5, 2026

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE