UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFREDO MARCELINO QUIJADA ABREU,[1] <br><br> Petitioner, <br><br> v. <br><br> CHRISTOPHER CHESTNUT, <br><br> Respondent. | No.  2:26-cv-01389-DAD-DMC (HC) <br><br><br> ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING PETITION FOR WRIT OF *HABEAS CORPUS* <br><br> (Doc. Nos. 1, 8) |

Petitioner is a federal immigration detainee proceeding *pro se* with a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 8, 2026, the assigned magistrate judge issued findings and recommendations recommending that the pending petition for writ of *habeas corpus* (Doc. No. 1) be granted.  (Doc. No. 8.)  Specifically, the magistrate judge found that petitioner obtained a liberty interest in his continued release following his initial release from immigration detention, that his re-detention absent notice and a hearing violates due process, and that the appropriate remedy is his immediate

---

[1]  The docket lists petitioner's first name as "Afredo" but a review of the petition for writ of *habeas corpus* (Doc. No. 1) reveals that petitioner's name is spelled "Alfredo."  Accordingly, the Clerk of the Court is directed to update the docket to reflect petitioner's true first name.

1

release from detention.[2] (*Id.* at 3–7.)  The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within seven (7) days after service.  (*Id.* at 8.)

On June 27, 2026, respondent filed untimely objections to the pending findings and recommendations which are comprised of a single sentence stating that respondent objects for the reasons stated in their prior briefing.  (Doc. No. 10 at 1.)  Even if timely filed[3], these objections would not provide a basis upon which to reject the pending findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

For the reasons above,

1.  The findings and recommendations issued on June 8, 2026 (Doc. No. 8) are ADOPTED IN FULL;

2.  Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as follows:

   a.  Respondent is ORDRERED to immediately release petitioner Alfredo Marcelino Quijada Abreu, A-File No. 244-020-139, from respondent's custody on the same conditions he was subject to, if any, he was subject to prior to his re-detention on or about March 18, 2026;

   b.  Respondent is ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, unless it provides petitioner with notice and a pre-detention hearing before an immigration judge, at which hearing respondent will bear the burden of demonstrating that

---

[2]  In its opposition, respondent notes that petitioner was re-detained after being convicted for violating a protective order but nonetheless argues that his detention is mandated by 8 U.S.C. § 1225(b) without stating whether any alternative detention authority may govern in this case. (Doc. No. 6.)  Accordingly, the court declines to address that possibility because the issue is not before it.

[3]  The court has considered the untimely objections.

petitioner is a danger to the community or a flight risk by clear and convincing evidence;

3.      The Clerk of the Court is directed to serve the warden of the California City Detention Facility with a copy of this order; and

4.      The Clerk of the Court is also directed to enter judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:   **June 29, 2026**

_Dale A. Drozd_

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3